# EXHIBIT A

## FLSA SETTLEMENT AGREEMENT AND RELEASE

WHEREAS, Allison C. Kirkland ("Plaintiff" or "Releasor") worked for QLS Enterprises, LLC d/b/a Mr. Appliance of West Augusta ("Defendant" or "Mr. Appliance") from March 29, 2021 through July 13, 2021;

WHEREAS, Plaintiff filed an action (the "Action") captioned, *Allison C. Kirkland v. QLS Enterprises, LLC d/b/a Mr. Appliance of West Augusta and Quentin Smith*, Case No. 1:21-cv-00133-JRH-BKE, in the United States District Court for the Southern District of Georgia (the "Court"), asserting claims against Mr. Appliance and Quentin Smith (collectively, "Defendants") for alleged violations of the Fair Labor Standards Act ("FLSA"), intentional infliction of emotional distress, and negligent retention, training, and supervision;

WHEREAS, the parties desire to settle any and all disputes between them, without admitting liability or fault, including but not limited to all claims asserted in the Action;

NOW, THEREFORE, in consideration of the mutual covenants and agreements set forth below, the parties execute this Agreement, agreeing as follows:

I. **PARTIES**: This document sets forth the terms and conditions of the FLSA Settlement Agreement and Release (hereinafter "Agreement") by and between Plaintiff and Defendants. The term "Releasees" used herein shall include Mr. Appliance, and all of its parents, subsidiaries, affiliates, members, owners, shareholders, employees, agents, insurers, and attorneys, including Quentin Smith, together with their predecessors, successors and assigns, both jointly and severally.

## II. PAYMENT AND CONSIDERATION:

A. In consideration of the release and other obligations entered into by Plaintiff pursuant to this Agreement, and obtaining from the Court an Order approving this Agreement and dismissing the Action with prejudice, Mr. Appliance agrees that, after this Agreement has been fully-executed, it will pay Plaintiff the total amount of $12,500.00 within 10 business days following the Court's issuance of an Order approving this Agreement and dismissing the Action with prejudice, as follows:

1. A check in the amount of $2,609.50, less normal payroll withholdings, for alleged back pay, payable to Allison C. Kirkland and reported on an IRS Form W-2;

2. A check in the amount of $2,609.50 for alleged liquidated damages, payable to Allison C. Kirkland and reported on an IRS Form 1099; and

3. A check in the amount of $7,281.00 for litigation expenses, costs and attorneys' fees, payable to Molden & Associates and reported on an IRS Form 1099.

B. Plaintiff understands and agrees that she and her counsel are responsible (and not Defendants) for any tax liability respecting the payments set forth in Section II.A of this Agreement, including but not limited to liability for the amount, method or calculation of withholding tax to federal, state or local governments, and Plaintiff's portion of social security tax. Further, Plaintiff agrees to indemnify Defendants for all costs, including attorneys' fees, it incurs as a consequence of Plaintiff's failure to satisfy any tax obligations arising out of this Agreement.

C. Upon full execution of this Agreement, the parties agree that Plaintiff will cause to be filed a Joint Motion to Approve Settlement Agreement in a form acceptable to Defendants. Plaintiff agrees to the dismissal of the Action with prejudice, subject to the Court retaining jurisdiction to enforce the terms of this Agreement. Should the Court not approve the settlement, the parties agree that this Agreement shall be null and void, and Defendants shall have no obligation to make any payments pursuant to this Agreement.

D. Defendants' obligation to make the payments set forth in Section II.A is conditioned upon the receipt by Defendants' counsel, Fidlon Legal, PC, of (a) a completed IRS Form W-4 from Plaintiff and completed IRS Form W-9s from Plaintiff and her attorneys, Molden & Associates, and (b) notification via the Court's CM/ECF system of an Order entered by the Court approving this Agreement and dismissing the Action with prejudice and without additional payment of costs or attorneys' fees. The payments set forth in Section II.A shall be sent to Molden & Associates, 233 Peachtree Street, NE, Suite 1245, Atlanta, GA 30303 (Attention: Regina S. Molden, Esq.).

### III. RELEASE OF FLSA CLAIMS:

A. As a material inducement to Defendants to enter into this Agreement, subject only to the exceptions noted in Section III.B, below, Releasor hereby irrevocably and unconditionally releases, acquits, and forever discharges the Releasees, and all persons acting by, through, under or in concert with them, from any and all charges, complaints, claims, liabilities, obligations, promises, damages, causes of action, rights, demands, costs, lawsuits, debts and expenses, including but not limited to attorney fees and costs, actually incurred of any nature whatsoever, known or unknown, which Releasor now has, or claims to have, or which Releasor at any time heretofore had or claimed to have based on alleged violations of the FLSA, including but not limited to her FLSA claims asserted in the Action (collectively the "Released Claims").

B. Releasor is not releasing: (1) any workers compensation claim based on injuries and/or occupational illnesses Releasor allegedly sustained during her employment with Mr. Appliance; (2) any claim that relates to her right to enforce this Agreement; (3) any rights or claims that arise after Releasor signs this Agreement; or (4) any claim that cannot be released by law.

2

## IV. K<span>NOWING AND</span> V<span>OLUNTARY</span> W<span>AIVER AND</span> R<span>ELEASE</span>:

A. Releasor acknowledges that she has had reasonable and sufficient time to consider whether or not she desires to enter into this Agreement. It is understood and agreed that this Agreement is executed by Releasor knowingly and voluntarily. The parties also acknowledge that no promise or inducement has been offered or made except as set forth in this Agreement.

B. As part of this consideration for the conditions of the settlement as set forth above, the signatories expressly warrant and represent that: (1) they are legally competent to execute this Agreement; and (2) there are no outstanding subrogation claims or liens of any type or character, by reason of the matters covered by the release contained herein.

C. Releasor has the right and opportunity to consult fully with legal counsel or other advisor prior to signing this Agreement and she has, in fact, consulted with her legal counsel, Regina S. Molden, Esq. of Molden & Associates, prior to signing this Agreement. Releasor also acknowledges that before signing this Agreement, she has read and fully understood each paragraph herein.

V. **N**O **O**THER **F**ILINGS: Plaintiff represents that, except for the Action, she has not filed any complaints or charges against any of the Releasees with any federal, state or local court or agency that concern or relate to her employment with Mr. Appliance or the termination thereof. Plaintiff agrees never to institute or aid in the institution or prosecution of any claim, action, complaint, charge or suit, absent subpoena, court order or other administrative or court procedure requiring Plaintiff's cooperation, whether at law or in equity, against the Releasees, in any court or administrative agency or before any other public or private tribunal, which in any way arises from or relates to the Released Claims.

VI. **C**OOPERATION: Plaintiff agrees to cooperate with Mr. Appliance in all investigations, inquiries, or litigation, whether in any judicial, administrative or other public, quasi-public or private forum, in which it is involved. Cooperation includes assistance in investigations, participation and providing truthful testimony in affidavits, depositions and at trial without having to be subpoenaed, assisting with discovery, and other reasonable activities requested by Mr. Appliance and its attorneys.

VII. **N**ON-**A**DMISSION: Releasor acknowledges that the payments set forth herein do not constitute any admission of liability on the part of the Releasees, by whom liability is expressly denied. This Agreement shall not be deemed an admission of liability or a violation of any law, rule, regulation or order, of any kind.

VIII. **MISCELLANEOUS:**

A. ***Governing Law & Jurisdiction.*** This Agreement shall be governed by and construed in accordance with the laws of the State of Georgia. The parties agree that any disputes related to this Agreement shall be subject to the jurisdiction of the United States District Court for the Southern District of Georgia, Augusta Division.

B. ***No Assignment.*** Plaintiff represents and warrants that she has not sold, assigned, transferred, conveyed or otherwise disposed of to any third party, by operation of law or otherwise; any action, cause of action, suit, debt, obligation, account, contract, agreement, covenant, guarantee, controversy, judgment, damage, claim, counterclaim, liability or demand of any nature whatsoever relating to any matter covered by this Agreement.

C. ***Successors.*** This Agreement shall be binding upon, enforceable by and inure to the benefit of Releasor's personal or legal representatives, executors, administrators, successors, heirs, distributees, devisees and legatees and the Releasees and any successor of the Releasees, but neither this Agreement nor any rights or payments arising hereunder may be assigned, pledged, transferred or hypothecated by Releasor.

D. ***Headings.*** Headings used in this Agreement are for reference purposes only and shall not be deemed to be a part of this Agreement.

E. ***Entire Agreement.*** This Agreement constitutes the entire agreement between the Releasor and the Releasees pertaining to those subjects contained in it and supersedes all prior and contemporaneous agreements, representations and understandings. It is expressly understood and agreed that this Agreement may not be altered, amended, modified or otherwise changed in any respect or particular manner whatsoever except by a writing duly executed by all parties.

F. ***Severability.*** Each provision of this Agreement is intended to be severable. In the event a portion of this Agreement is held to be legally invalid by a competent court of law, the invalid portion shall be stricken, and all other obligations shall remain valid and mutually binding on the parties and not be affected thereby.

G. ***Counterparts.*** This Agreement may be executed in any number of counterparts, which counterparts considered together shall constitute a single, binding, valid, and enforceable Agreement. The exchange of copies of this Agreement and of signature pages by facsimile transmission or by electronic mail as a .pdf file shall constitute effective execution and delivery of this Agreement as to the parties and may be used in lieu of the original Agreement for all purposes. Signatures of the parties transmitted by facsimile or by electronic mail as a .pdf file shall be deemed to be their original signatures for all purposes.

I HAVE CAREFULLY READ AND UNDERSTAND THIS FLSA SETTLEMENT AGREEMENT AND RELEASE.

_____
Allison C. Kirkland

QLS ENTERPRISE, LLC

By: _____
Quentin Smith
Managing Member

_____
Quentin Smith, Individually

03/22/2022
Date

3/23/2022
Date

3/23/2022
Date

5