IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
ALLISON C. KIRKLAND,              *
                                  *
      Plaintiff,                  *
                                  *
      v.                          *
                                  *   CV 121-133
QLS ENTERPRISE, LLC d/b/a Mr.     *
Appliance of West Augusta, and    *
QUENTIN SMITH,                    *
                                  *
      Defendants.                 *
```

**O R D E R**

Before the Court is the Parties' second joint motion to approve settlement agreement and dismiss with prejudice. (Doc. 18.) Pursuant to Eleventh Circuit precedent and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*, as amended, the Court is required to scrutinize the proposed settlement agreement for fairness before approving it and entering a judgment. On March 10, 2022 the Court denied the Parties' original motion for settlement approval and they have now submitted a renewed motion and amended settlement agreement. For the following reasons, the Parties' motion is **GRANTED**.

**I. DISCUSSION**

The Court previously found the presence of a bona fide dispute. (Doc. 17, at 3-4.) However, the Court denied the Parties' motion because of a pervasive release provision, a lack

of information regarding the proposed attorneys' fees and costs, and a non-disparagement provision. (Id. at 4-9.) The Court therefore turns its inquiry to these three areas.

1. Release Provision

The release clause in the original settlement agreement released Defendants from non-FLSA claims, making it impermissibly pervasive. The amended release provision provides Plaintiff releases Defendants "from any and all charges, complaints, claims, . . . which [Plaintiff] now has, or claims to have, or which [Plaintiff] at any time heretofore had or claimed to have *based on alleged violations of the FLSA,* including but not limited to her FLSA claims asserted in the Action." (Doc. 18-1, at 3 (emphasis added).) The Court is satisfied that this limiting language makes the release provision permissible.

2. Attorneys' Fees and Costs

Next, the Court asked the Parties to provide documentation of how the attorneys' fees were computed in order to properly consider whether the requested amount of $7,281.00 is reasonable. In this amended motion, the Parties attached an itemized invoice from Molden and Associates. (Doc. 18-2.) Further, the Parties assert that the actual lodestar fees and costs incurred by Plaintiff's counsel totaled $10,090.00; however, they compromised to accept the requested total of $7,281.00 as a fair and reasonable payment. (Doc. 18, at 4-5.)

2

"In determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable,' the court is to consider the 12 factors enumerated in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974)." Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008). The Johnson factors include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Id. at 1350 n. 2 (citation omitted).

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988) (citations omitted). The "going rate" in the community is the most critical factor in setting the fee rate. Martin v. Univ. of S. Ala., 911 F.2d 604, 610 (11th Cir. 1990). Plaintiff's attorneys request hourly rates of $300.00 and $450.00, as well as a rate of $100.00 for the paralegal's work. (See Doc. 18-2.) The requested rate of $300.00 is consistent with the Augusta legal

3

market. See Giagnacovo v. Covanta Env't Sols., LLC, No. CV 119-066, 2020 WL 1974400, at *3 (S.D. Ga. Apr. 24, 2020) (finding $300.00 a reasonable billing rate in the Augusta market); see also Whitesell Corp. v. Electrolux Home Prods., Inc., No. CV 103-050, 2019 WL 1714135, at *2 (S.D. Ga. Apr. 17, 2019). However, the $450.00 hourly rate utilized by Regina S. Molden in this case is inconsistent with this standard. The Court is without additional information about Ms. Molden's experience; however, the Court recently found a managing partner with 38-years' experience warranted a rate of $375.00. See Whitesell, No. 1:03-cv-050, ECF No. 1482, at *4 (S.D. Ga. July 20, 2021). Therefore, the Court will adjust this rate to $375.00 for the lodestar calculation.

The attorneys expended a total of 21.8 hours in this matter which the Court finds reasonable and therefore will not conduct an hour-by-hour analysis. See Bivins, 548 F.3d at 1350 ("When a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut.") T. Orlando Pearson expended 12.3 hours at a rate of $300.00 and Ms. Molden expended 9.5 hours at the adjusted rate of $375.00.  (Doc. 18 at 4-5.)  This equals a lodestar total of $7,252.50. As to the work by the paralegal, that amounted for 18.5 hours at an hourly rate of $100.00, totaling $1,850.00 for a combined total of $9,102.50. While the Court does not reach the

4

same conclusion as Plaintiff's counsel that they incurred costs "substantially greater" than the requested rate, the Court does find that the requested fees are lower than the lodestar calculation and that the requested amount is reasonable when utilizing the Johnson factors enumerated above.

4. Non-Disparagement Provision

The final issue is that the Court had concerns with the non-disparagement provision in the original agreement. The amended agreement has removed any non-disparagement language, and therefore this is no longer an issue.

## II. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Parties' second joint motion to approve settlement agreement (Doc. 18) is **GRANTED**. The Parties requested that upon approval of the settlement agreement, the Court grant dismissal of the case with prejudice. Since both Parties signed the motion, the Court finds dismissal is proper under Federal Rule of Civil Procedure 41(a)(1)(A)(ii) and this matter is **DISMISSED WITH PREJUDICE**. The Clerk is **DIRECTED** to **TERMINATE** all motions and deadlines and **CLOSE** this case. Each party shall bear its own costs and fees except as otherwise ordered.

**ORDER ENTERED** at Augusta, Georgia, this 31st day of March, 2022.

/s/ J. Randal Hall
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

6